# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO. 4:13-mj-148-MSH |
| CHANCE D. RENFROE, | : |
| Defendant. | : |

## **O R D E R**

On February 18, 2014, the Court held a motions hearing in this case to resolve any currently pending motions prior to trial. Defendant has pending a motion requesting discovery. (ECF No. 4.) The only discovery issue remaining for the hearing was Defendant's pending request for a video of the incident that occurred on August 31, 2013. The Government represents that no such video exists; consequently, Defendant's motion is denied as moot.

Defendant's next pending motion is a motion in limine requesting that the field sobriety tests (FSTs) in this case be excluded under Rule 702 of the Federal Rules of Evidence and *Daubert*. After hearing testimony regarding this motion, the Court determined that evidence of the horizontal gaze nystagmus (HGN) test in this case is excluded under Federal Rules of Evidence Rule 403 as unfairly prejudicial with the potential to confuse the jury because the officer who conducted the test had minimal training and experience performing the HGN test. The walk and turn test and the one-leg stand test, however, are not scientific tests so they are not subject to Rule 702. Instead,

these tests are lay observations which are admissible under Rule 701.  Defendant's motion in limine is therefore granted as to the HGN test but denied as to the remaining FSTs.

Next, Defendant filed a motion to suppress (ECF No. 6) seeking to suppress any evidence regarding the stop and subsequent testing because Defendant claims that there was a lack of probable cause to stop Defendant.  Defendant also claims that the Defendant was not merely detained, but was actually under arrest such that he should have been given his *Miranda* warnings prior to participating in the FSTs.  Defendant claims these FSTs are testimonial in nature and should be suppressed because of the lack of *Miranda* warnings.  After hearing testimony regarding the motion, the Court determined that there was probable cause to stop Defendant.  Consequently, Defendant's motion to suppress because of lack of probable cause is denied.  Additionally, the Court found that FSTs are not testimonial in nature, but told Defendant that the Court would accept additional briefing on the *Miranda* issue within fourteen (14) days.

Finally, Defendant has pending a motion to file additional motions (ECF No. 7.)  The Court denies this motion at this time but will consider the filing of additional motions on a case by case basis.

Defendant requested a jury trial at the hearing.  This trial has been scheduled for the week of March 31, 2014.  Voir dire will commence on Monday, March 31.  The Court anticipates that the trial will begin on Wednesday, April 2.  The parties should file their proposed voir dire questions and jury instructions at least fourteen (14) days prior to voir dire.

## CONCLUSION

For the foregoing reasons, Defendant's motion for release of Brady materials (ECF No. 4) is denied as moot; his motion in limine (ECF No. 5) is granted in part and denied in part; his motion to suppress (ECF No. 6) is denied at this time subject to additional briefing by the parties; finally, his motion to file additional motions (ECF No. 7) is denied at this time.

SO ORDERED, this 19th day of February, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE